UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE ALLSTATE FAIR CREDIT         )
REPORTING ACT LITIGATION           )     MDL No. 3:02-md-1457 - ALL CASES

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Amended Stipulation of Settlement of Claims of Certain Plaintiffs was filed with the Court on September 7, 2004 (the "Settlement Stipulation") between the Class Representatives Woodrow Shelton, Larry Daniels, Sr., Sandra Daniels, Cynthia Silhol, Marsha D. Myers, Ronald Kevin Myers, and Michael Sanchez ("Plaintiffs") and Allstate Insurance Company, Allstate Property Casualty Company, Allstate Indemnity Company, Allstate County Mutual Insurance Company, Allstate Floridian Indemnity Company, Allstate Floridian Insurance Company, Allstate New Jersey Insurance Company, Allstate Texas Lloyd's, Deerbrook Insurance Company, Encompass Floridian Indemnity Company, Encompass Floridian Insurance Company, Encompass Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of New Jersey, First Colonial Insurance Company, and Northbrook Indemnity Company, (collectively, "Allstate") provides for the settlement of this lawsuit on behalf of Plaintiffs and the Class Members they represent (the "Litigation"), subject to approval by this Court of its terms and to entry of this Final Judgment.

Pursuant to an Order dated December 22, 2004, ("Second Amended Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Stipulation and the settlement reflected in it, and directed that Notice

of the proposed Settlement and the Fairness Hearing be mailed individually to each class member and published in Parade and USA Sunday magazines.

Allstate denies any wrongdoing, fault, or violation of law, or liability for damages of any sort. Allstate would object to the certification of any class if this Litigation were not settled and has agreed to the certification of this class for settlement purposes only.

In accordance with the Settlement Stipulation and the Preliminary Approval Order, Notice was mailed to all Class Members and was published once in the Sunday Parade and USA Sunday magazines. Affidavits and/or declarations of mailing and publication of the Notice have been filed with the Court, demonstrating compliance with the Court's Order regarding Notice.

The Plaintiffs, Class Members, and Allstate have applied to the Court for approval of the terms of the Settlement Stipulation and for entry of this Final Judgment. Pursuant to the Notice, a Fairness Hearing was held before this Court on July 18-19, 2005, to consider, among other things, whether the settlement should be approved by this Court as fair, reasonable, adequate and in the public interest and whether Class Counsels' request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court.

**NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court's findings and rulings, as stated from the bench in open court at the Fairness Hearing on July 18-19, 2005, that the settlement is fair, reasonable, adequate and in the public interest and that approval of Class Counsel's request for attorney's fees is appropriate are incorporated by reference as if set forth fully herein.

2. This Order incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Stipulation, unless otherwise defined in this Order.

3. The Court hereby reaffirms its certifications of the four subclasses: Sub-Class A, Sub-Class B, Sub-Class C and Sub-Class D, for the purpose of settlement, in accordance with the Stipulation of Settlement and incorporates by reference, as if set forth fully herein, the findings set forth in paragraphs 3,4 and 5 of the Second Amended Preliminary Approval Order in support of its certification of these four settlement sub-classes.

4. The Court has subject matter jurisdiction over the claims of the Plaintiffs and of all Class Members.

5. The notification provided for and given to the Class Members was in compliance with the Second Amended Preliminary Approval Order dated December 22, 2004, and said notification was in full compliance with the notice requirements of due process and Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.

6. Subject to certain clarifications to the Settlement Stipulation set forth herein, this Court approves the Settlement and all terms set forth in the Settlement Stipulation and finds that the Settlement is, in all respects, fair, reasonable, adequate in the public interest and in the best interest of the Class Members, and the parties to the Settlement Stipulation are directed to fulfill and perform its terms.

7. The Settlement Stipulation requires Allstate to maintain the practice changes set forth in Section III.B.1 for at least one year and Allstate shall not obtain credit information from an entity other than TransUnion during this one year period in order to in any way limit or modify its obligations under Section III.B.1 in connection with its underwriting or pricing of persona lines insurance policies.

8. By approving this Settlement, and the terms of this Settlement Stipulation, this Court has not found that the practices changes set forth in Section III.B.1. of the Settlement Stipulation are either in compliance or not in compliance with the Fair Credit Reporting Act.

9. In connection with the provision of the settlement relief set forth in Section III.B.3 of the Settlement Stipulation, including the Settlement Assistance provisions in Section III.B.5 of the Settlement Stipulation, Class Counsel shall have the following auditing and oversight obligations. Class Counsel shall maintain a telephone call center and website to assist Class Members. The settlement administrator, Garden City Group, Inc. ("Garden City") shall provide Class Members with the telephone number of Class Counsel's call center and a link to Class Counsel's website. Class Counsel shall audit the Credit Report Correction and Class Payment processes. Class Counsel's audit of the Credit Report Correction Process shall require Allstate, through Acxiom Corporation ("Acxiom"), to supply Class Counsel with a randomly selected sample of 100 Correction Participants and the Initial and Corrected Policy Credit Classifications or Initial and Corrected Policy IFS groups for each of these respective Correction Participants. The audit of the Class Payment process shall include Allstate, through Garden City, supplying Class Counsel with a table containing the: (a) Initial and Corrected Classifications or Initial and Corrected Policy IFS Groups for each of the respective Correction Participants audited in the Credit Report Correction process as described above, (b) the number of applicable policy periods for each such Correction Participant, and (c) the monetary payment, if any, assigned to each Correction Participant. In addition, Allstate shall provide to Class Counsel for each of the 100 randomly selected Correction Participants an affidavit from an appropriate and knowledgeable Allstate representative that the current credit classification or insurance scoring methodology in effect in the Correction Participant's state and line of insurance and used in the regular course of its business was exclusively used in the determination of the Corrected Policy Credit Classification or Corrected Policy IFS group.

10. Within sixty (60) days after the proxy damage payments are made to all qualifying Class Members pursuant to Section III.B.4.b.1 and 2 of the Settlement Stipulation,

Allstate shall provide Class Counsel and the Court with a report setting forth the total amount of proxy damages paid by Allstate. Within sixty (60) days after the final premium adjustments are processed for all qualifying Class Members pursuant to Section III.B.4.b.3 of the Settlement Stipulation, Allstate shall provide Class Counsel and the Court with a report setting forth the total amount of these premium adjustments.

11. Any disputes between individual class members and Allstate related to the processing of individual class member claims in connection with the Credit Report Correction or Class Payment processes shall be referred to Magistrate Knowles for final resolution.

12. The definition of Released Claims in the Settlement Stipulation shall be modified to read: "Released Claims means any and all actions, causes of action, obligations, costs, fees, sanctions, damages, losses, claims, liabilities and demands that are released or discharged under paragraph V. below."

13. Upon the Effective Date, the Plaintiffs and Class Members who did not exclude themselves effectively forever release and discharge Allstate Insurance Company, Allstate Indemnity Company, Allstate Property Casualty Company, Allstate County Mutual Insurance Company, Allstate Floridian Indemnity Company, Allstate Floridian Insurance Company, Allstate New Jersey Insurance Company, Allstate Texas Lloyd's, Deerbrook Insurance Company, Encompass Floridian Indemnity Company, Encompass Floridian Insurance Company, Encompass Indemnity Company, Encompass Insurance Company, Encompass Insurance Company of New Jersey, First Colonial Insurance Company, and Northbrook Indemnity Company and each of their respective present and former officers, directors, partners, shareholders, agents, independent contractors, employees, predecessors, successors, assigns, parents, affiliates, subsidiaries, insurers, and attorneys, and the agents and employees of any of them, from and against any and all actions, causes of action, obligations, costs, fees, sanctions,

damages, losses, claims, liabilities and demands (hereinafter collectively referred to as "Claims") in any way based upon or arising, from October 31, 1998 to date of this Order, in any way under the Fair Credit Reporting Act, or any state laws or regulations that impose obligations on users of credit reports, like Allstate, that are similar, or related to, the obligations imposed on Allstate under the Fair Credit Reporting Act, that Class Members ever had, now have, or hereafter may have arising out of Allstate's obtaining and using any credit report in its underwriting and/or rating of Policies. Except as expressly provided below, such releases and discharges will extend to all such Claims of any and every kind and character, known or unknown, developed or undeveloped, suspected or unsuspected, which ever existed, now exist or may hereafter exist, and Plaintiffs and each Class Member expressly waive all rights with respect to such claims. Plaintiffs and each Class Member further agree to dismissal of the Claims with prejudice.

14. Plaintiffs and each and every Class Member (other than those who have been excluded), and the respective heirs, executors, administrators, partners, agents, successors and assigns of each of them is permanently barred and enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of a class or the "public," and whether under State or Federal statutory or common law, any Released Claim.

15. Each Plaintiff and each member of the Class who is a resident of California, or who was a resident of California during the time periods identified in the definition of "Class" in the Settlement Stipulation, waives the application of California Civil Code Section 1542, which provides as follows: "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

16. Notwithstanding the foregoing three paragraphs of this Order, the releases and discharges set forth in paragraphs 13, 14, and 15 above do not apply to any claims currently

- 6 -
Case 3:02-md-01457   Document 658   Filed 07/29/05   Page 6 of 14 PageID #: 1293

being asserted in DeHoyos v. Allstate, filed in the United States District Court for the Western District of Texas, or Corbett v. Allstate, filed in Florida's Sixth Circuit Court, or the claims of Non-Settling Plaintiffs regarding Walk-Aways and Secondary Operators or Occupants of Walk-Aways as defined in the Settlement Stipulation. Said claims of Walk-Aways and Secondary Operators or Occupants of Walk-Aways were not released through the Settlement, and the parties agree that claims of Non-Settling Plaintiffs, as Class Representatives, will continue to be litigated in further proceedings before this Court.

17. The releases and discharges set forth in the paragraphs 12, 13, 14 and 15 above shall release and discharge all Claims related to the practice changes set forth in Section III.B.1 of the Settlement Stipulation for the one year practice change duration set forth in Section III.B.1.a.

18. The Court approves the award of Eight Million Dollars ($8,000,000) in full and final payment of and for any and all attorney's fees, costs and/or expenses of Plaintiffs and/or Plaintiffs' Counsel, including any and all attorneys' fees and/or expenses to which Plaintiffs' or Plaintiffs' Counsel may claim that they are entitled to under any statute or rule or common law or their work in connection with the claims being resolved by this settlement. Payment of such amount shall be in accordance with the Settlement Stipulation. Plaintiffs' Counsel retain the right to request additional fees in connection with the prosecution of claims of plaintiffs other than those of the Plaintiffs and each member of the Class whose claims are being resolved in this Settlement.

19. Any and all objections to the Settlement Stipulation and Class Counsels' request for approval of attorney's fees have been considered and are hereby found to be without merit and denied.

20. Any person wishing to appeal this final judgment shall post a bond with this Court in the amount of $ __-0-__ to cover the costs of appeal as a condition of prosecuting the appeal. The Court will consider whether any further bond should be required at a later point.

20. Counts I through VI of the Fifth Amended Complaint are dismissed with prejudice on the merits, and without leave to amend or costs to any party, and all Released Claims are extinguished.

21. If the Effective Date, as defined in the Settlement Stipulation, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order and this Court's Order certifying a Settlement Class shall be deemed vacated and shall have no force and effect whatsoever.

22. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Stipulation and this Final Judgment, and other matters related or ancillary to the foregoing.

23. The Plaintiffs, the Class Members, and Allstate having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: 7/29/2005

_____
HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT COURT JUDGE

Approved for Entry:

*/s/ Terry A. Smiljanich by ABC w/ perm.*
Terry A. Smiljanich, *pro hac vice*
**James, Hoyer, Newcomer & Smiljanich, P.A.**
One Urban Centre, Suite 550
4830 West Kennedy Boulevard, Suite 147
Tampa, Florida 33609

Kenneth S. Canfield, *pro hac vice*
**Doffermyre, Shields, Canfield, Knowles & Deine**
1355 Peachtree Street, N.E.
The Peachtree, Suite 1600
Atlanta, Georgia 30309-3269

*Attorneys for Plaintiffs*

*/s/ Andrew B. Campbell*
Andrew B. Campbell
**Wyatt, Tarrant & Combs, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
(615) 244-0020

Jeffrey Lennard, *pro hac vice*
M. Keith Moskowitz, *pro hac vice*
**Sonnenschein Nath & Rosenthal, LLP**
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

*Attorneys for Allstate*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing was served on July 22, 2005, by U. S. first-class mail, postage prepaid, upon all individuals listed on the attached service list.

_____
Andrew B. Campbell

# SERVICE LIST

R. Scott Jackson, Jr.
JACKSON & BURTON, PLLC
144 Second Avenue North, Suite 450
Nashville, Tennessee 37201

Terry A. Smiljanich
JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Boulevard, Suite 147
Tampa, Florida 33609

Kenneth S. Canfield
DOFFERMYRE, SHIELDS, CANFIELD, KNOWLES & DEINE
1355 Peachtree Street, N.E.
The Peachtree, Suite 1600
Atlanta, Georgia 30309-3269

Alexander Thomas Stubbs
OFFICE OF A. THOMAS STUBBS
755 Commerce Drive, Suite 720
Decatur, Georgia 30030

Scott R. Shepherd
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
35 E. State Street
Media, Pensylvania 19063

Charles A. McCallum, III
McCALLUM LAW FIRM
2062 Columbiana Road
Vestavia Hills, Alabama 35216

Suzanne M. Schwarz
LAW OFFICES OF SUZANNE M. SCHWARZ, PC
P.O. Box 532044
Harlingen, Texas 78553

David A. Szwak
BODENHEIMER, JONES, SZWAK & WINCHELL, LLP
401 Market Street, Suite 240
Shreveport, Louisiana 71101

J. Scott Kessinger
7304 Michigan Avenue
St. Louis, Missouri 63111

John Pentz
Class Action Fairness Group
2 Clock Tower Place, Suite 260G
Maynard, MA 01754

James M. McCoy
GIBSON, McCLURE, WALLACE & DANIELS, LLP
8080 North Central Expressway
Suite 1300, L.B. 50
Dallas, Texas 75206-1808

William Kenneth C. Dippel
DIPPEL & DAVIS
12201 Merit Drive, Suite 230
Dallas, Texas 75251

Charles M. Thompson, P.C.
5130 Cyrus Circle
Birmingham, Alabama 35242

Thomas E. Cooper
215 North Mulberry Street
Elizabethtown, Kentucky 42701-1473

Christopher A. Bandas
BANDAS & LAWS, P.C.
500 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78411

Robert W. Bishop, Esq.
BISHOP & ASSOCIATES, PSC
6520 Glenridge Park, Suite 6
Louisville, Kentucky 40222

Michael T. George
THE LAW FIRM OF MICHAEL T. GEORGE, P.C.
2525 S. Brentwood Blvd, Suite 102
St. Louis, Missouri 63144

Nicholas Fausto, Esq.
42 South 15th Street
Suite 1104
Philadelphia, Pennsylvania 19102

Dawn Adams Wheelahan
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130

Lance Mayes
305 Rivergate Park Office Bldg.
1994 Gallatin Road, North
Madison, Tennessee  37115

Norman A. Yatooma
NORMAN YATOOMA & ASSOCIATES, P.D.
219 Elm Street
Birmingham, Michigan  48009

Jason J. Thompson
THOMPSON & THOMPSON, P.C.
3510 North St. Marys, Suite 100
San Antonio, Texas  78212

Chris M. Trepagnier
THE TREPAGNIER LAW FIRM
209 Highway 22 West, Suite G
Madisonville, Louisiana  70447

Michael R. Lunsford
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, Alabama  35242

John P. Willis, IV. P.C.
311 Magnolia Avenue
Fairhope, Alabama  36532

Douglas A. Cole, Esq.
STEM & COLE
571 Milford Warren Glen Road
Milford, New Jersey  08848

Jennifer Nakata
530 Longwood Lane
Pasadena, California  91103

Timothy Eble
P.O. Box 2313
Mount Pleasant, South Carolina  29465

Joanne Jannik
P.O. Box 20086
Tuscaloosa, Alabama  35402

Mitchell A. Toups
Weller, Green, Toups & Terrell, LLP
2615 Calder Street, Suite 400
Beaumont, Texas 77704